Yu Chen
BICE / INS Agency File # A 7313 3239
Regional Correctional Center
Inmate I.D. # C 7313 3239
415 Roma Ave. N.W.
Albuquerque, New Mexico 87102

**FILED**
AT ALBUQUERQUE

SEP 2 2 2006

MATTHEW J. DYKMAN
CLERK

United States District Court
For the District of New Mexico
333 Lomas Blvd. Suite # 270
Albuquerque, New Mexico 87102

CIV – 0 6 – 0 8 9 6  JB  DJS

| | |
|---|---|
| Yu Chen | ) Civil Action No. _____ |
| | ) |
| Petitioner (Pro Se); | ) Detained Alien BICE / INS File |
| | ) No. 7313 3239 |
| Versus | ) |
| | ) |
| Alberto Gonzales | ) |
| United States Attorney General | ) |
| | ) Petition for a Writ of Habeas |
| Michael Chertoff | ) Corpus Pursuant 28 U.S.C. § 2241 |
| Secretary of Homeland Security | ) |
| | ) |
| Brick Tripp & Paul Haberling | ) |
| Warden & Deputy Ward of R.C.C. | ) |
| | ) |
| Office of Immigration Litigation | ) |
| U.S. Department of Homeland Security | ) |
| U.S. Bureau Immigration & Customs Enforcement | ) |
| Regional Correctional Center (R.C.C.) | ) |
| | ) |
| Respondents; | ) |

   This Honorable Court has full jurisdiction under 28 U.S.C. § 2241 ("Writ of Habeas Corpus"), Article 1 § 9, clause 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C. § 1331, as the Petitioner is presently in physical custody of U.S. Bureau Immigration & Customs Enforcement (BICE) (Formally known as Immigration & Naturalization Services (INS)) and the U.S. Department of Homeland Security (DHS) under the **colors** of the authority of the United States and such custody is in violation of the Constitution, Laws, or Treaties of the United States {Kestutis Zadvydas vs. Christine G. Davis, 533 U.S. 678, 121 S. Ct.2491 (2001)}, as well as common laws. This court has the authority to grant any relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 701, and THE ALL WRIT ACTS, 28 U.S.C. § 1651.

## Venue

**Civil Action No.**_____   1   **Yu Chen A # 7313 3239**
**Petition for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241**

Pursuant to Braden vs. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), venue lies in the U.S. District Court for the district of New Mexico, the judicial district in which petitioner resided.

## Parties

Petitioner is a native & citizen of Fujian, China (People's Republican of China "PRC"). Petitioner was first taken into BICE / INS / DHS Detention & Removal Facility in Manhattan, New York on or about April 1994; and has remained in BICE / INS / DHS custody continuously since that date. Petitioner was ordered removal on or about November 1994.

**First Respondent** is the Department of Justices (DOJ) prosecutor Alberto Gonzales-U.S. Attorney General, the Head Chief Commander of all Federal, States, and local law enforcement official agencies under the umbrella of the DOJ prosecutor office.

**Second Respondents** is Secretary of U.S. Department of Homeland Security Michael Chertoff-Commander in Chief for DHS and superintendent for BICE & INS, has ultimate custodial authority over petitioner.

**Third Respondents** is Brick Tripp & Paul Haberling Warden & Deputy Ward of Regional Correctional Center in Albuquerque, New Mexico; who is actual custodian of petitioner and acting pursuant to the contracted with and under the authority of the U.S. Attorney General, U.S. Secretary of DHS, and Immigration Official.

## Jurisdiction

This Honorable Court has the authority to hear & grant this petition for immediately release from "Indefinite Detention" by BICE / INS / DHS. This case is governed under the following sighting. See Salerno vs. United States, 481 U.S. 739, 95 L. Ed. 2d.697, 107 S. Ct. 2095, and the ruling under Kestutis Zadvydas vs. Christine G. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001), 150 L. Ed. 2d 673 (2001); Plyler vs. Doe, 457 U.S. 202, 210, 102 S. Ct. 2382, 72 L. Ed. 2d.786 (1982); Johnson vs. Eisentrager, 339 U.S. 763, 770, 70 S. Ct. 936, 94 L. Ed. 1255; Welch vs. Ashcroft, 293 F. 3d. 213, 221 (4th Cir. 2002); Patel vs. Zemski, 275 F. 3d. 299, 310 (3rd Cir. 2001); Kin-Hong vs. INS, 926 F. Supp. 1180, 1996 WL 254100 (1996); St. Cyr vs. INS, 121 S. Ct. 2271, 533 U.S. 289, 150 L. Ed. 2d.347, 69 (2001); and Arevalo vs. Ashcroft, 260 F. Supp. 2d. 347 (2003) for immediately release on a bond pending on his application for Post-Conviction Relief Acts (PCRA).

According to 28 U.S.C. § 1331, Federal courts have completed jurisdiction over Constitutional claims which states that the "District Courts" shall have jurisdiction of civil actions arising under the U.S. Constitutions, Laws, or Treaties of the U.S. Petitioner's dues process is being consistently being violated by the Respondents under the U.S. Constitution. This petition claim's for the violation of the petitioner's rights of Fifth (5th) & Fourteenth (14th) Amendment of the U.S. Constitution. Petitioner's claims substantive Dues Process.

This Honorable Court has jurisdiction to hear and decide petition case pursuant 28 U.S.C. § 2241 (a) (1) and (c) (3) in that this is a petition for Writ of Habeas Corpus and Petitioner is being held in custody under the **colors** of authority of the U.S. 28 U.S.C. § 2241 (a) (1) and (c) (3). This Court also has independent jurisdiction to hear and decide pursuant to Suspension Clause of the U.S.

Jurisdiction also lies in this Honorable Court pursuant 28 U.S.C. § 2241 to review BICE / INS / DHS in their discretionary judgment to keep petitioner in custody indefinite is a Constitutional violation. To this point the detention becomes excessive and certainly not a law according to the U.S. Supreme Court of justices, concurring in the case of Demore vs. Hyung Joon Kim, 123 S. Ct. 1708, 187 A.L.R. Fed. 155 L. Ed. 2d.724, 71 (2003), in Kestutis Zadvydas vs. Christine G. Davis, 533 U.S. 678, 701 (2001), the District Court determines that the Constitution of the statute all applied uniformly to both admitted and inadmissible aliens and thus held that, absent of significant likelihood that Petitioner actually will be removed from the U.S. in the reasonably foreseeable future. Petitioner is entitled to be release. Post-Order removal detention is civil in nature, and is not criminal matters.

Therefore, Petitioner should be release immediately. In Kestutis Zadvydas vs. Christine G. Davis, 533 U.S. 678 (2001), the U.S. Supreme Court held that the reasonable length of detention beyond the "90" days {INA § 241 (A) (1) (A), 8 USC § 1231 (A) (1) (A)} removal period is six (6) months.

## Factual Background

Petitioner, Mr. Yu Chen (Pro Se), is a native & citizen of Fujian, China ("PRC"). Petitioner was admitted to the U.S. port of entry of J.F.K International Airport on or about April 1993 and was classified as a Legal Permanent Resident Alien "Green Cardholder". Petitioner has been living in the U.S. ever since.

Petitioner, Yu Chen, was placed into removal proceeding by issuance of a deportation warrant on or about April 1994 in Manhattan, New York Detention & Removal Operations Facility and the administratively final order of removal judgment were entered on or about November 1994 in the Office of Executive Office of Immigration Review (EOIR). The final execution of the order was taken place November 1994-EOIR.

Petitioner has been patiently being waiting for his immigration judgment to be expedited or executed by the personnel official of BICE / INS / DHS since November 1994. WHY THE RESPONDENTS CAN'T EXPEDITED AN DIRECT ORDER FROM THEIR SUPERIOR OFFICER COMMISSIONER ("Immigration Honorable Judge "IJ" in Manhattan office of New York- EOIR.

Petitioner has collaborated with the demands of the U.S. Attorney General, Secretary of DHS, and the immigration officials to try to obtain & secure a clearance travel document from Chinese Consulate General & Chinese Ambassador. Both Chinese candidates from PRC have denied all petitioners' clearance travel document applications to return back to China.

**Civil Action No.**_____    3         **Yu Chen A # 7313 3239**
**Petition for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241**

The purpose for this processing of Writ of Habeas Corpus is to challenging validity of removal efforts and indefinite detention under INA § 241 (a) (6), 8 USC § 1231 (a) (6) which interpreted in **Zadvydas**. Indefinite detention is not permissible or authorize under the Federal statute which give fine print of interpretation in **Zadvydas**, and also quoted in Clark vs. Martinez, 543 U.S. 371 (2005).

Under 8 USC § 1103, the Respondents has the authority & power of the Federal government personnel to {carry out} their assigned duties of responsibility to executed a judgment order which was entered by the IJ. There shouldn't be any reasons or excuses at all to be a failure in the process. When the Petitioner arrive to the U.S. port of entry on or about April 1993, he has to submitted all his nationality documentation to the U.S. Immigration official Officer in order to be classified as a legal permanent residence status in the U.S. The Respondents has all resources within the Federal Intelligence agencies to gather such clearance for the Petitioner's return to his country of origin and also issued an immediately vessel under 8 USC § 1105 to wherever the Petitioner came from.

All laws of this land has been breached by the Respondents and the Petitioner is humbly requesting to be release immediately under INA § 241 (a) (3), 8 USC § 1231 (a) (3) a parole supervision program which established by Immigration & Nationality Acts (INA).

## Power to Grant Writ

Petition for a Writ of Habeas Corpus may be granted in the U.S. Supreme Court, Circuit Court, District Courts, and any Magistrate Judge or Commissioner Judge within their respective jurisdiction.

A.)   The Writ of Habeas Corpus shall not be extend to the Petitioner unless:

1.)   He is in physical custody under the colors of authority of U.S.

2.)   He is in custody without the Dues Process Clause and a violation of the U.S. Constitutions, Laws, or Treaties of the U.S.; 28 USC § 2241 ct. seq.; jurisdiction also lies in this Honorable Court pursuant to the Common laws and Article "I" § "9", clause "2" of the United States Constitution, which is incorporated here below. "The privilege of the Writ of Habeas Corpus shall not be suspended unless when a case of rebellion or invasion the public safety may require it ("Suspension Clause").

Jurisdiction also lies in this Honorable Court pursuant 28 USC § 1361 (Mamandus Acts) and 28 USC § 1331 relief, may also be granted pursuant to the Administrative Procedure Acts (APA), declaratory judgment acts 28 USC § 1651 and finally petitioner is seeking the equal protection of his Constitutional rights under the Dues Process Clause of the Fifth (5th) & Fourteenth (14th) Amendments of U.S. Constitution, Mamandus is incorporated here below. The District Court shall have original jurisdiction of any legal actions in the nature of Mamandus to compel any U.S. Federal, States official officers or employees of the U.S. or any agencies thereof to perform a heavy & major duties owes to the plaintiff ("Petitioner"). See Asaro vs. Ferro, 999 F. Supp. 657 (D. MD. 1998).

**Civil Action No.**_____   4          **Yu Chen A # 7313 3239**
**Petition for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241**

Jurisdiction also lies in this Honorable Court in applying the holding of Sandoval vs. Reno, 166 F..Ed. 225 (3rd Cir. 1999); Conclaves vs. Reno, 144 F. 3d. (1st Cir. 1998); Henderson vs. Reno, 157 F. 3d. (2nd Cir. 1998) all these cases points to the facts that Habeas Corpus jurisdiction lies in the District Court and is appropriate to contest the legality of a Deportation or a removal order, whereas the U.S. Supreme Court held that District Court has jurisdiction to look into Habeas Corpus petition which brought by the petitioner.

## Statement of Facts

In the matter of the petitioner's detention from November 1994, to the date now as been calculated to be over twelve (12) years eight (8) month periods. However the maximum period for detention during removal efforts proceeding is six (6) months. Although the government was allowed six months to expedited or executed a removal order.

The U.S. Supreme Court in Demore vs. Hyung Joon Kim, 123 S. Ct. 1708, 187 A.L.R. Fed. 155 L. Ed. 2d.724, 71 (2003). In considering crimes to be egregious or otherwise to be sufficiently dangerous to the public safety to necessitate mandatory detention relying on Zadvydas vs. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d. 653.

A total bar against petitioner's findings, of "dangerous" is without question a blunt tool by which to restricted personal liberty. See Carlson, 342 U.S. at 538 & n.31, 72 S. Ct. 525. An infringement of liberty on account of past act suggest that the purposes that the infringement may be punitive rather than regulatory. See Nesta, 363 U.S. at 619-20, 80 S. Ct. 1367. Any facts than a prior conviction that increase the maximum penalty for a crime must be charged in the indictment, submitted to a grand jury and also proven beyond a reasonable doubt. See Apprendi vs. New Jersey, 530 U.S. 466, 477, 120 S. Ct. 2348, 147 L. Ed. 2d. 435 (2000).

A standard BICE / INS / DHS policy, for years has been to release aliens who do not pose a risk of flights or dangers to the community / public safety. See Vigile vs. Sava, 535 F. Supp. 1002 (D.C.N.Y. 1982). District Court Honorable Judge Robert L. Carter held that Habeas Corpus jurisdiction is properly exercised to stay alien's exclusion order when relief sought inheres in question of custodial restrain upon personal liberty. See Seretse-Khama vs. Ashcroft, 215 F. Supp. 2d. 37, 2002 WL 1711751 (D.D.C. 2002), granting immediately release while holding that aliens challenging indefinite detention by BICE / INS / DHS, was entitled to preliminary injunction for release from custody pending either resolution of his petition of his removal. Even if... and aliens did not present clear risk of flights or danger to the community.

Petitioner's 90-days statutory removal period and six (6) months presumptively reasonable period of continued removal efforts have both expired on or about June of 1995 and his continued detention violates the Federal statute of INA § 241 (a) (6), 8 USC § 1231 (a) (6).

Pursuant to INA § 241 (2) (1) (a), 8 USC § 1231 (2) (1) (a), the removal period starts at the date of the order becomes administratively final.

To be held in custody beyond the reasonable time period of "180" days for more than twelve (12) years eight (8) month without criminal charges or indictment can only be deemed as punitive in a malicious arbitrary, capricious manner of violation of one's of the constitutional rights of Fifth (5th) & Fourteenth (14th) Amendments. If the alien does not leave, or is not removed within the removal period, the alien pending removal shall be subject to the parole supervision under the regulations prescribed by the U.S. Attorney General & Deputy Attorney General.

Petitioner substantive and procedural Dues Process Clause rights are being violated, in Hermanowski vs. Farquharson, 39 F. Supp. 2d. 148 (D. RI 1999). The Court held that the Dues Process Clause rights contained in the Fifth (5th) Amendment is composed of procedural and substantive components. Procedural Dues Process focuses on the fairness of the procedures used by the governments when it acts to deprive a person of life, liberty, freedom, or property. See. L. Ed. 2d. 18 (1976). The U.S. Supreme Court recently affirmed that the equal protection of the Dues Process clause.

"Applies to all people within the U.S. territories, including aliens, whether their presence here is lawfully, unlawfully, temporary or permanent". See also American- Jurisprudence 2d. "Volume 3"; Aliens & Nationals"! See Zadvydas vs. Davis, 121 S. Ct. 2491 (2001). Procedural Dues Process challenges the government (BICE / INS / DHS) conclusively to presume unfitness for some benefits on the basis of some events or characteristic, without holding an individualized hearing on the issues of unfitness, whether an individual is a threat to the community or a flight risks. See Patel vs. Zemski, 275 F. 3d. 299, 314 (3rd Cir. 2001), Kim vs. Ziglar, 276 F. 3d. 523 (9th Cir. 2002), these courts held that the mandatory detention policy of the BICE / INS / DHS violates the Dues Process rights without an individualized bond hearing. They held that such action or policy is unconstitutional.

The Petitioner's claim is substantial, his plight is real. He is now facing extreme indefinite detention; the Constitution provides equal protection and equal treatment of the Dues Process clause. Liberty & freedom is under the Dues Process Clause includes equal rights protections against unlawfully or arbitrary personal restraint or detention. See Comprehensive opinion of the Honorable Judge Marvin H. Shoob, Northern District of Georgia, in the case of Soroa-Gonzales vs. Civiletti, 515 F. Supp. 1049, 1056 (N.D.G.A. 1981). This view is in accordance with the leading treaties on Immigration laws and procedures. See Gordon vs. Rosenfield, Immigration laws and procedures, S. 2.54, in which states:

"The award or refusal of parole, the conditions fixed and termination of parole obviously involves the exercise of discretion. This discretionary authority is broad, but not unlimited".

Its may be subjected to judicial scrutiny on a charge the discretion was arbitrarily exercised or withheld. The 3rd Circuit stated that "when detention is prolonged, special care must be exercised so that confinement does not continue beyond the time when the original justifications for custody are no longer tenable". The 3rd Circuit also held that "measure must be taken to assess the risk of flight and danger to the community on a current basis" and that "grudging and perfunctory review is not enough to satisfy the Dues Process liberty, even for aliens".

**Civil Action No.**_____     6          Yu Chen A # 7313 3239
**Petition for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241**

## Deprived of Life, Liberty & Property

No persons shall held to answer for capital, or otherwise infamous crimes, unless on a presentment or indictment of a grand jury, except in case arising in the land for the Naval Forces or in Militia, when in actual services in time of war or public dangers; nor shall any persons be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal or civil case to be a witness against himself, nor be deprived of his life, liberty, freedom, or property without the Dues Process of the laws, nor shall private property be taken for public use without just compensation. Under the Fifth (5th) Amendments, petitioner is currently at the point of losing all his properties and values of life.

The excessive detention without deportation violates petitioner's rights to the Constitution: Fifth (5th) Amendments, depriving petitioner of what life, liberty, & freedom, causing him to lose all his valuable belonging without being indicted for a new offenses.

Under Dues Process clause of the Fifth (5th) Amendments, an alien is entitled to a timely & meaningful opportunity to demonstrate that he should not be detained, but because he has exercised his Dues Process rights affording his constitution, he is now denied that opportunity. There is no administrative mechanism in place for the petitioner to obtain a decision from a neutral arbiter or appeal a custody decision that violates **Zadvydas**. See generally 8 C.F.R. § 212.12. The custody review procedures are constitutionally insufficient both as written and as applied. A number of Courts have identified a substantial bias within the BICE / INS / DHS toward the continued detention of whom they alleged to be aliens, raising the risk of an erroneous deprivation to unconstitutionally high levels. See e.g. Phan vs. Reno, 56 F. Supp. 2d. 1149, 1157 (W.D. Wash. 1999)("BICE / INS / DHS does not meaningfully and impartially review the petitioner's custody status"); St. John vs. McElroy, 917 F. Supp. 243, 251 (S.D.N.Y. 1996)(dues to political and community pressure, the BICE / INS / DHS an executive agencies have every incentive to continue to detain aliens with aggravated felony convictions, even though they served their sentences, on the suspicion that they may continue to pose a threat to the community). See also Rivera vs. Demore, No. C 99-3042 TEH, 1999 WL 521177, *7 (N.D. Cal. Jul. 13, 1999)(procedural Dues Process requires that aliens release. Determination is made by impartial adjudicator dues to agency bias).

In Zadvydas, the U.S. Supreme Court held that six (6) months is the presumptively reasonable period during which BICE / INS / DHS may detain aliens in order to effectuate their removal. Id. at 702. Interim Administrative Regulations also recognize that the Headquarter Post-Orders Detention Units ("HQPDU") has month periods for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. 8 C.F.R. § 241.13 (b) (2) (ii).

Mr. Yu Chen continued detention by the government violated INA § 241 (a) (6), 8 USC § 1231 (a) (6), as interpreted in **Zadvydas**. Petitioner's "ninety-day" statutory removal period and six (6) months presumptively reasonable period for continued removal efforts both have been passed. In **Zadvydas**, the U.S. Supreme Court held that the continued indefinite detention of someone like Mr. Yu Chen under such circumstances is unreasonable and not authorized by INA

**Civil Action No._____          7           Yu Chen A # 7313 3239**
**Petition for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241**

§ 241 (a) (6), 8 USC § 1231 (a) (6). INA § 241 (a) (6), 8 USC § 1231 (a) (6) does not draw any distinction between aliens who are removable on the grounds of inadmissibility and those removable on the grounds of deportability, and thereof **Zadvydas** holding applies to both inadmissible as well as admissible aliens under final order of removal. Xi vs. INS, 298 F. 3d. 832, 835-36 (9th Cir. 2002).

Chinese national apprehended at sea and therefore inadmissible ordered release under **Zadvydas**; Borrero vs. Aliets, 178 F. Supp. 2d. 1034, 1041-44 (D. Minn. 2001)(ordering release of Mariel Cuban under Zadvydas); Merino-Mora vs. Jennifer, No. 01-CV-71484 (E.D. Mich. January 14, 2002) (same); Tamavo-Gonzales vs. Jennifer, No. 01-CV-71473 (E.D. Mich. January) (same). Mr. Yu Chen "ninety-day" statutory removal and six months presumptively reasonable period of continued removal efforts have been both passed.

The petitioner's continued detention violates his rights to substantive Dues Process by depriving him of his core liberty interest to be free from bodily restraint. The Dues process clause of the Fifth Amendments requires that the deprivation of the petitioner's liberty & freedom be narrowly tailored to serve the compelling government interest. While Respondents might have a compelling government interest in assuring petitioner's presence at the time of deportation, that interest does not justify petitioner's indefinite detention where he is unlikely to be deported.

## Conclusion

Petitioner, Mr. Yu Chen, is being held in custody of Regional Correctional Center in Albuquerque, New Mexico under the contracted and authority of BICE / INS / DHS that the laws are clear in his case. Petitioner has exercised his Dues Process rights, by following the administrative procedures and filed the Habeas Corpus to the Federal District of New Mexico. Petitioner has exhausted his administrative remedies, by completing his immigration deportation hearing in EOIR, receiving and completing his 90 days statutory removal and six months efforts in **Zadvydas**, by successfully cooperating and completing his custody review, and yet still remained incarcerated. Petitioner should not remained incarcerated any longer, and would be forces to start all over again on his immigration removal process because the Respondents applying multiple procedure after discovery their own mistakes.

Petitioner and his family are going through extreme financial hardship crisis, as well as emotional hardship that any longer incarceration for petitioner would be devastating. Petitioner believes that he is eligible for release from indefinite detention that this agency has placed him on. The violations to petitioner have caused tremendous pain to his entire family, mentally, financially, as well as physically. This Honorable Court has full jurisdiction to terminate the physical abuse to petitioner which is in violations of his substantial Dues Process.

For all the right reasons petitioner believes he has presented to this Court, all the facts which supports his Writ of Habeas Corpus. He also believes he should be released under **Zadvydas** and not be informed by counsel for the Respondents (government) that **Zadvydas** had no place to go. Similarly petitioner is in the same predicament for over six (6) months. These collective actions of the government, unambiguously bears the evidence of the government's

**Civil Action No.**_____     8         **Yu Chen A # 7313 3239**
**Petition for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241**

soul intentional purpose, is to maliciously and arbitrarily deprive Mr. Yu Chen of his liberty interests by keeping him incarcerated indefinitely. Petitioner is praying humbly and diligently that this Honorable Court will not allow the government to subject him to any further indefinite detention.

WHEREFORE in consideration of the issues and facts presented here, the Petitioner prays day & nights for the interest of justices and the laws of these land as well as humanitarian reasons, that this Honorable Court will grants his petition expeditiously, and dismiss the Government's case because it is contrary to the laws which governs by the U.S. Constitution. Petitioner further requests that this Honorable Court to grant him his immediately release based on the laws of the Constitution of the United States of America and grant him such further relief as this court seems proper when these circumstances. Also this Honorable Court has full jurisdiction to construe this petition in a liberal manner and cure all defects.

I declare under the penalty of perjury pursuant to the laws of the United States of America that the forgoing is true and correct.

Date: Wednesday, September 20, 2006

Respectfully Submitted,

*Chen Yu Fein* (signature)

Yu Chen
BICE / INS Agency File # A 7313 3239
Regional Correctional Center
Inmate I.D. # C 7313 3239
415 Roma Ave. N.W.
Building 5 West Cell 8
Albuquerque, New Mexico 87102

**PROOF AND CERTIFICATE OF SERVICE**
**Yu Chen v. Alberto Gonzales**
Civil Action No. _____

I, Yu Chen, declare:

I am over the age of 18 years and a party to this action. I am a resident in the county where delivery occurred:

Yu Chen
BICE / INS Agency File # A 7313 3239
Regional Correctional Center
Inmate I.D. # C 7313 3239
415 Roma Ave. N.W.
Building 5 West Cell 8
Albuquerque, New Mexico 87102

On Wednesday, September 20, 2006, I served the attached:

Petition for a Writ of Habeas pursuant 28 U.S.C. § 2241
Motion to proceed in Forma Pauperis

On the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with the postage to be affixed by the petitioner in the United States Mail in a deposit box so provided at the above-named Regional Correctional Center in which I am presently confined. The enveloped(s) is address as follows:

U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington D.C. 20044

United States District Court
For the District of New Mexico
Office of the Clerk
333 Lomas Blvd. Suite # 270
Albuquerque, New Mexico 87102

I declare under the penalty of perjury pursuant to the laws of the United States of America that the forgoing is true and correct.

Executed on this Wednesday, September 20, 2006.

_Chen Yu Yan_
Petitioner in Pro Se'
Certified & Seal by Petitioner

PROOF OF SERVICE BY MAIL                 1            Yu Chen A # 7313 3239

CHEN, YU YAN
A73133239
REGIONAL CORRECTIONS CENTER
415 ROMA NW
ALBUQUERQUE N.M. 87102
08/20/2006

CONSULATE OF PEOPLE REPUBLIC OF CHINA
3417 MONTROSE
HOUSTON, TX 77006

To Whom It May Concern:

My name is Chen, Yu Yan and I am a citizen of China, I am currently being detained by the United States Immigration and Naturalization Service in Albuquerque New Mexico. I received a final order of removal on 1994, ordering my removal to China, but I have not yet been removed. The I.N.S. has been unable to obtain travel documents for me so that I may be sent back to china.

I am writing to request travel documents I would greatly appreciate your assistance in this matter. If you are unable to issue travel documents please send me a letter stating that to the address above. The following information should help you to identify me as a citizen of china.

Name:     Chen, Yu Yan
Birth date: April 28, 1974
Place of birth: China    (country)
          Fujian   (province)
          Changle  (city)
          Tantou   (town)

Father's name: Chen, Jin Yin                Mother's name: Chen, Shu Jin
Father's age: 62-year-old                    Mother's age: 62-year-old
Father's birth place: China   (country)     Mother's birth place: China  (country)
          Fujian  (province)                          Fujian (province)
          Changle (city)                              Changle(city)
          Tan tou (town)                              Tan tou (town)

Please notify me if there is additional information you need in order to issue travel documents. Thank you very much attention.

Sincerely,

*Chen fu yan*
Chen, yuyan